UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWN ANDREA SIMS,<br><br>Plaintiff,<br><br>v.<br><br>DEBBIE MOSS et al.,<br><br>Defendants. | Case No. 3:24-cv-01052<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This action arises out of pro se and *in forma pauperis* Plaintiff Shawn Andrea Sims's attempts to file petitions seeking judgments against certain financing and credit entities in state courts. (Doc. No. 1.) Defendant Wilson County, Tennessee, has filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Doc. No. 13), and Defendants Wilson County Circuit Court Clerk Debbie Moss and Circuit Court Judge Clara Byrd have filed a motion to dismiss Sims's complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted (Doc. No. 24). Sims has filed a demand for judgment. (Doc. No. 29.)

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice.

### I.    Background

####     A.    Factual Background

Sims alleges that, on May 9, 2024, he sent a petition for default judgment against Capital One Finance to Moss via certified mail for filing in the Wilson County Circuit Court, and that

Moss received the petition on May 13, 2024. (Doc. Nos. 1, 1-1.) Sims included a cover letter stating:

> To the Clerk of the Circuit Court
>
> I have sent this claim, sui juris, in an attempt to exercise my right to petition the government for a redress of grievance for actual harm caused.
>
> Please provide a Docket Number so that service can be made to the parties involved. Please tax the fees to start this action as court cost and charge it to the Defendant in accordance with their agreement to liability.
>
> DO NOT alter or amend this petition in any way[.]

(Doc. No. 1-1, PageID# 7.) Sims states that he sent a similar cover letter and a petition for declaratory judgment against Experienced PLC and TransUnion to the Wilson County General Sessions Court via certified mail on May 17, 2024, that was received on May 20, 2024, but "was given to the Office of the Clerk of the Wilson County Circuit Court by the General Sessions Court for unknown reasons." (Doc. No. 1, PageID# 2; *see also* Doc. No. 1-1.)

Sims called Moss's office on May 21, 2024, "to obtain a [d]ocket [n]umber[,]" but "[a]n [e]mployee told [Sims] . . . that a docket number [would] not be provided unless [Sims] [paid] a fee to file." (Doc. No. 1, PageID# 2.) On or around May 24, 2024, Sims sent "an Affidavit of Indigency" to the Wilson County Circuit Court via certified mail "in an attempt to get the Court to file the petitions and provide docket numbers." (*Id.*) Sims states that, on May 31, 2024, he received a voicemail from "an employee of the Clerk's Office" informing him "that his Affidavit had been denied by Clara Byrd, Judge of the Circuit Court." (*Id.*) Sims states that, on June 25, 2024, he sent "a[n] Application . . . to the Attorney General's Office notifying them of the infractions and requesting action, via Certified Mail . . . ." (*Id.*)

### B. Procedural History

Sims initiated this action on August 29, 2024, by filing a "petition for declaratory judgment" against Wilson County, Moss, and Byrd, and the State of Tennessee asserting claims under the First Amendment to the United States Constitution and the Tennessee Constitution.[1] (Doc. No. 1, PageID# 1, 2.) Sims "seeks a declaratory judgment from this Court on whether the denial of the petition for failure to pay fees violates the 1st Amendment" and "further seeks any other relief that this Court deems just and proper." (*Id.* at PageID# 3.)

The Court granted Sims's application for leave to proceed *in forma pauperis*, construed his petition for declaratory judgment as a complaint asserting claims under the First Amendment and Tennessee's constitution, and found that Sims has invoked this Court's federal question jurisdiction by asserting claims under federal law. (Doc. No. 6.) The Court then referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (*Id.*)

Wilson County filed an answer to Sims's complaint on January 15, 2025 (Doc. No. 11) and filed a motion for judgment on the pleadings (Doc. No. 13) approximately two weeks later. Wilson County argues that it is entitled to judgment on the pleadings "because it is well-settled law both federally and in the state of Tennessee that courts are permitted to charge filing fees for the initiation of a civil action, suit, or proceeding." (Doc. No. 14, PageID# 56.) Wilson County certified that it served copies of its motion and supporting documents on Sims via U.S. mail on January 27, 2025. (Doc. Nos. 13, 14.)

---

[1] Although Sims's complaint names the State of Tennessee as a defendant (Doc. No. 1), there is no indication on the docket that the State of Tennessee has been served, and the State has not appeared or responded to Sims's complaint.

On March 11, 2025, the Court found that Sims had not filed a response in opposition to Wilson County's motion for judgment on the pleadings within the time allowed by this Court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 20.) The Court ordered Sims to show cause by March 26, 2025, why the Magistrate Judge should not recommend that Sims's claims against Wilson County be dismissed under Federal Rule of Civil Procedure 41(b) for Sims's failure to prosecute or for the reasons stated in Wilson County's motion for judgment on the pleadings and why the Court should instead permit Sims to file an untimely response in opposition to Wilson County's motion.[2] (Doc. Nos. 20, 26, 28.) The Court ordered Sims to file any proposed response in opposition to Wilson County's motion for judgment on the pleadings with his show-cause response. (Doc. No. 20.)

On March 12, 2025, Moss and Byrd filed a motion to dismiss Sims's claims against them under Rule 12(b)(6). Moss and Byrd argue that they are entitled to judicial immunity from Sims's claims and, alternatively, that Sims's claims fail on the merits. (Doc. No. 25.)

On March 21, 2025, Sims filed a "demand for judgment" arguing that he is entitled to "judgment in [his] favor" and a declaration "that any statute, policy, or action that imposes financial barriers on the exercise of a constitutional right is unconstitutional and unenforceable." (Doc. No. 29, PageID# 153, 157.)

Wilson County, Moss, and Byrd, filed a response to Sims's demand for judgment on April 7, 2025, asking the Court to "deny [Sims's] Demand for Judgment on the grounds that his demand has no legal basis" and incorporating by reference the defendants' legal arguments in support of

---

[2] The Court inadvertently filed a second version of the show-cause order that was identical to the first except that the deadline set by the second order was one day later than the deadline set by the first order. (Doc. Nos. 20, 26.) On March 13, 2025, the Court clarified that "[t]he second order's deadline of March 26, 2025 (Doc. No. 26), is the deadline by which Sims must file his notice." (Doc. No. 28.)

Wilson County's motion for judgment on the pleadings and Moss and Byrd's motion to dismiss. (Doc. No. 30, PageID# 159.) Sims did not file an optional reply in support of his demand for judgment and has not otherwise responded to the defendants' motions or the Court's order to show cause.

II.     **Legal Standard**

Because Sims proceeds *in forma pauperis*, under 28 U.S.C. § 1915(e)(2), the Court is obligated to dismiss this case "at any time" if it determines that Sims has failed "to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for determining whether Sims's complaint fails to state a claim under § 1915(e)(2) is the same as the standard for evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). And the same legal standard applies to motions to dismiss for failure to state a claim under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 886 (M.D. Tenn. 2018). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Sims appears pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). "[C]ourts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

The Court will liberally construe Sims's demand for judgment (Doc. No. 29) as a response to the Court's show-cause order and a response in opposition to the defendants' motions for judgment on the pleadings and to dismiss and will consider the merits of Sims's claims.

#### A. Sims's First Amendment Claims

The First Amendment guarantees "the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."[3] *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 741 (1983) (citing *Cal. Motor*

---

[3] The Supreme Court has recognized that "the basis of the constitutional right of access to courts" is somewhat "unsettled" because the court's decisions "have grounded the right" in several

*Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)); *see also Nestle Ice Cream Co. v. N.L.R.B.*, 46 F.3d 578, 585 (6th Cir. 1995) ("The right to petition for a redress of grievances includes the right of access to courts." (citing *Bill Johnson's Rests., Inc.*, 461 U.S. at 741, 748)). The Supreme Court explained in *Christopher v. Harbury*, 536 U.S. 403 (2002), that "[d]enial of access to the courts claims may be 'forward-looking' or 'backward-looking.'" *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013) (quoting *Christopher*, 536 U.S. at 415). "In forward-looking claims, the plaintiff accuses the government of creating or maintaining some 'frustrating condition,' that stands between the plaintiff and 'the courthouse door.'" *Id.* (quoting *Christopher*, 536 U.S. at 413). The goal of forward-looking access-to-courts claims "is to eliminate the condition, thereby allowing the plaintiff . . . to sue on some underlying legal claim." *Id.* (citing *Christopher*, 536 U.S. at 413). "In backward-looking claims, . . . the government is accused of barring the courthouse door by concealing or destroying evidence so that the plaintiff is unable to ever obtain an adequate remedy on the underlying claim." *Id.* (citing *Christopher*, 536 U.S. at 413–14.) Regardless of which type of access claim a plaintiff brings, the Supreme Court has emphasized that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher*, 536 U.S. at 414–15. Thus, the jurisprudence underlying access "cases rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.

---

constitutional provisions including, "the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." *Christopher v. Harbury*, 536 U.S. 403, 415 & n.12 (2002) (citations omitted).

7

Case 3:24-cv-01052   Document 31   Filed 05/27/25   Page 7 of 10 PageID #: 170

Sims brings forward-looking denial-of-access claims. *See id.* at 413 ("In denial-of-access cases challenging filing fees that poor plaintiffs cannot afford to pay, the object is an order requiring waiver of a fee to open the courthouse door for desired litigation[.]"). "To plead a viable forward-looking access-to-the-courts claim, the plaintiff must recite facts in his complaint that describe (1) 'the official acts frustrating the litigation,' and (2) 'the underlying cause of action' that he wants to bring but cannot." *Rose v. Wayne Cnty.*, Civ. Case No. 18-13786, 2019 WL 4667787, at *5 (E.D. Mich. Sept. 25, 2019) (quoting *Christopher*, 536 U.S. at 415). To satisfy the second element, "the [ ] plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim" and "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to the defendant." *Christopher*, 536 U.S. at 415, 416. In other words, "the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.

Here, even if Sims's complaint satisfies the first element of a denial-of-access claim, it does not satisfy the second. The only facts that Sims alleges regarding his underlying causes of action are that he sent the Wilson County Circuit Court a petition for default judgment against Capital One Finance and sent the Wilson County General Sessions Court a petition for declaratory judgment against Experienced PLC and TransUnion. (Doc. Nos. 1, 1-1, 29.) As Wilson County, Moss, and Byrd point out, Sims's pleadings "provide[ ] no further explanation as to what the underlying legal proceedings were about, why he wanted to initiate them, or [ ] facts supporting that either of the lawsuits would be" nonfrivolous. (Doc. No. 14, PageID# 62; Doc. No. 25, PageID# 139–40.) Sims simply has not alleged enough detail about his underlying claims "to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim[s] is more than hope." *Christopher*, 536 U.S. at 416.

8

Sims has therefore failed to state First Amendment claims on which relief can be granted, and the Court should dismiss these claims under 28 U.S.C. § 1915(e)(2).

B.  **Sims's Tennessee Constitutional Claims**

Sims also asserts claims under the Open Courts Clause found in Article I, Section 17 of the Tennessee Constitution. (Doc. Nos. 1, 1-1, 29.) However, because the Court should dismiss Sims's federal claims, the Court should decline to exercise supplemental jurisdiction over Sims's pendant state law claims under 28 U.S.C. § 1367. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims."); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) ("This court has held that 'generally, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."'" (alteration in original) (quoting *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992))).

IV. **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Sims's complaint (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE. Specifically, Sims's First Amendment claims should be dismissed without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state claims on which relief can be granted, and the Court should decline to exercise jurisdiction over Sims's pendant state-law claims under 28 U.S.C. § 1367. Wilson County's motion for judgment on the pleadings (Doc. No. 13), Moss and Byrd's motion to dismiss (Doc. No. 24), and Sims's demand for judgment (Doc. No. 29) should be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 27th day of May, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge