IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWN ANDREA SIMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:24-cv-01052 ) Judge Aleta A. Trauger |
| DEBBIE MOSS *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM**

The Magistrate Judge to whom this case has been referred pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) has issued a Report and Recommendation ("R&R") (Doc. No. 31), recommending that the plaintiff's Complaint be dismissed in its entirety without prejudice and that the pending Motion for Judgment on the Pleadings under Rule 12(c) filed by defendant Wilson County, Tennessee (Doc. No. 13) and the Motion to Dismiss under Rule 12(b)(6) filed by defendants Wilson County Circuit Court Clerk Debbie Moss and Circuit Court Judge Clara Byrd (Doc. No. 24) be denied as moot.

The plaintiff filed Objections to the R&R. (Doc. No. 33.) The defendants filed a timely Response to the Objections (Doc. No. 37), in accordance with the court's directive (Doc. No. 34.)

For the reasons set forth herein, the Objections will be overruled in their entirety. The defendants' dispositive motions will be granted, and this case will be dismissed.

**I.     STANDARD OF REVIEW**

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court

must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## II.     THE R&R

The R&R sets forth in some detail the procedural history of this case and the factual allegations in the plaintiff's Petition (Doc. No. 1), which the R&R construes as a complaint. (*See* Doc. No. 31 at 3.) The R&R liberally construes the *pro se* plaintiff's Demand for Judgment as a

response both to the show-cause Order entered by the court on March 12, 2026 (Doc. No. 26)[1] and to the defendants' motions (*see* Doc. No. 31 at 6).

The construed complaint sets forth claims under the First Amendment to the United States Constitution and the Tennessee Constitution and seeks a "declaratory judgment from this Court on whether the denial of his [state court] petition for failure to pay fees violates the 1st Amendment." (Doc. No. 1 at 3.)

The R&R exhaustively explains the law pertaining to First Amendment claims that are premised upon allegations that a plaintiff has been denied access to the courts. (Doc. No. 31 at 6–8.) It explains that the specific type of claim brought in this case has two elements that the plaintiff must adequately plead:

> "To plead a viable forward-looking access-to-the-courts claim, the plaintiff must recite facts in his complaint that describe (1) 'the official acts frustrating the litigation,' and (2) 'the underlying cause of action' that he wants to bring but cannot."

(*Id.* at 8 (quoting *Rose v. Wayne Cnty.*, No. 18-13786, 2019 WL 4667787, at *5 (E.D. Mich. Sept. 25, 2019) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).)

The R&R specifically finds that, irrespective of whether the plaintiff has adequately described the "official acts frustrating the litigation" (a debatable proposition), his pleading does not satisfy the second. To satisfy that requirement, as the R&R explains, the plaintiff must "identify a 'nonfrivolous,' 'arguable' underlying claim," and "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to the

---

[1] As the R&R also explains, the court inadvertently issued two Orders directing Sims to show cause why his claims against Wilson County should not be dismissed for failure to prosecute and then subsequently entered a third Order clarifying that the response date set forth in the second order was the deadline by which the plaintiff should respond. (*See* Doc. No. 31 at 4 n.2 (referencing Doc. Nos. 20, 26, 28).)

defendant." (*Id.* (quoting *Christopher*, 536 U.S. at 415, 416).) The plaintiff, however, does not adequately explain the claims he seeks to pursue in the state courts, the rejection of which prompted him to file this lawsuit. Instead, he alleges only that he sent the Wilson County Circuit Court a petition for default judgment against Capital One Finance and sent the Wilson County General Sessions Court a petition for declaratory judgment against Experienced PLC and TransUnion, and that the courts refused to file his petitions and denied him leave to proceed without prepaying the filing fees. (Doc. No. 1 at 1; Doc. No. 1-1 at 4–5; Doc. No. 29.) As the R&R explains, however, the plaintiff does not provide any explanation of the claims he seeks to bring or the facts supporting them. The R&R concludes that Sims "simply has not alleged enough detail about his underlying claims 'to apply the nonfrivolous test and to show that the arguable nature of the underlying claim[s] is more than hope.'" (Doc. No. 31 at 8 (some internal quotation marks omitted) (quoting *Christopher*, 536 U.S. at 416).)

The R&R recommends on this basis that the plaintiff's First Amendment claims be dismissed without prejudice under 28 U.S.C. § 1915(e)(2), for failure to state a claim for which relief may be granted. (*Id.* at 9.) It further recommends that the court decline to exercise supplemental jurisdiction over Sims' pendant state law claims based on 28 U.S.C. § 1367 and that these claims be dismissed without prejudice as well. (*Id.*) The Magistrate Judge recommends that Wilson County's Motion for Judgment on the Pleadings under Rule 12(c) and the other defendants' Motion to Dismiss under Rule 12(b)(6) be denied as moot. (*Id.*)

### III. THE OBJECTIONS

The plaintiff's Objections completely misconstrue—and fail to address—the substance of the conclusions of law set forth in the R&R. The plaintiff simply recites boilerplate legal premises, and he asserts (repeatedly) that the R&R recommends dismissal "because Petitioner styled his pleading as a 'petition' rather than a 'complaint,'" thus "improperly prioritiz[ing] form over

substance." (Doc. No. 33 at 2; *see id.* at 5 ("The R&R's procedural dismissal elevates form over substance, contravenes legal duties, and risks liability under *Pulliam* and *Bivens*.").) These assertions are simply unfounded. The R&R expressly construed the *pro se* plaintiff's pleadings and other filings liberally, did not elevate form over substance, and clearly explained the legal and factual basis for the recommendations that the plaintiff's claims be dismissed.

## IV. DISCUSSION

As set forth above, the district court is required to review *de novo* any portion of the R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The plaintiff has not properly objected to the R&R's central finding—that the plaintiff does not adequately allege any facts describing the content of the underlying lawsuits he seeks to pursue, as a result of which the court cannot determine whether such claims are nonfrivolous.

In addition, the court is not required to review those aspects of the R&R to which the plaintiff has not objected. The plaintiff has not objected to the R&R's explanations of the factual allegations in the construed complaint, the procedural history of the case, or the governing law. Because the plaintiff has not objected to these, and his only objection misstates the R&R, the court will accept and adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein, the plaintiffs' Objections (Doc. No. 33) will be overruled, and the R&R (Doc. No. 31) will be accepted. The case will be dismissed in its entirety without prejudice, and all pending motions will be denied as moot.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge